UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LAILA LOE, a minor, by her parent and next friend, LENA LOE, *et al.*,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**DISTRICT OF COLUMBIA, *et al.*,**<br><br>**Defendants.** | **Civil Action No. 26-3781** |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Lena Loe has sued the District of Columbia and several officials on behalf of her minor daughter, Laila Loe. See ECF No. 1 (Compl.), ¶ 1. While a student at a District of Columbia Public School, Laila endured race-based slurs, taunts, and even physical violence. Id., ¶¶ 36–38; 41–45; 52–53; 60; 64; 73–74. As a result of that bullying, Laila began to experience both physical symptoms, like stomachaches and headaches, and mental-health symptoms, including anxiety, panic attacks, insomnia, and suicidal ideation. Id., ¶¶ 39; 42; 57; 61–64; 72; 128. After school administrators allegedly failed to intervene, id., ¶¶ 50–51, 67–68, 78–80, Lena withdrew Laila from DCPS. Id., ¶¶ 85–86. Eventually, concerned about the "toxic environment" Laila faced, Lena sent her daughter to live with her grandparents in Uzbekistan. Id., ¶¶ 123–26. Based on those allegations, Lena asserts that Defendants, by failing to address severe race- and national-origin-based bullying aimed at Laila, violated Title VI of the Civil Rights Act, the Equal Protection Clause of the Fifth Amendment, and District of Columbia law. Id., ¶¶ 132–65.

Lena now moves to proceed pseudonymously. See ECF No. 3-1 (Mot.). Although federal and local rules require parties to redact a minor child's name from all filings, see Fed. R. Civ. P. 5.2; LCvR 5.4(f)(2), Lena contends that concealing her own identity is also needed because it is "inextricably intertwined" with Laila's. See Mot. at 1.

The Court will grant the Motion, subject to any further consideration by the United States District Judge to whom this case is randomly assigned. See LCvR 40.7(f) (providing that Chief Judge shall "hear and determine . . . motion[s] to file a pseudonymous complaint").

**I. Legal Standard**

Generally, a complaint must identify the plaintiffs. See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1), 11.1. That requirement reflects the "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial proceedings." In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found. v. U.S. Sentencing Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)). A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy, and identifying the consequences that would likely befall it if forced to proceed in its own name." In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020). As a result, the court must "'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure'" by applying a "flexible and fact driven" balancing test. Id. (quoting In re Sealed Case, 931 F.3d at 96). That test assesses "five non-exhaustive factors":

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature;

> (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or, even more critically, to innocent non-parties;
> (3) the ages of the persons whose privacy interests are sought to be protected;
> (4) whether the action is against a governmental or private party; and relatedly;
> (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (quoting In re Sealed Case, 931 F.3d at 97) (first alteration in original).

## II. Analysis

Lena has met her burden at this early stage to show the privacy interests at stake outweigh the public's presumptive and substantial interest in learning her identity.

First, she seeks to proceed under a pseudonym not "merely to avoid the annoyance and criticism that may attend any litigation," but to "preserve privacy in a matter of [a] sensitive and highly personal nature." Id. at 326 (quoting In re Sealed Case, 931 F.3d at 97) (alteration in original). The Complaint details Laila's physical and mental-health issues stemming from the bullying she endured. See, e.g., Compl., ¶¶ 39, 42, 61–63; see also Mot. at 4. Those portions of the Complaint thus reveal "paradigmatically 'sensitive' and 'highly personal'" details about Laila's mental state and medical concerns. Charles H. v. District of Columbia, 2021 WL 6619327, at *2 (D.D.C. Apr. 9, 2021) (observing that "forcing disabled individuals to disclose deeply personal medical information could deter litigants from filing claims to vindicate their rights"); see also J.K.A. v. United States, No. 23-2273, ECF No. 7 (Mem. Op. & Order) at 3 (D.D.C. Aug. 10, 2023) (pseudonymity warranted where Complaint "describe[d] in vivid detail how each Plaintiff was physically abused," including "highly personal physical and medical responses to that [abuse]"); Doe v. Spahn, No. 23-2859, ECF No. 7 (Mem. Op. & Order) at 3 (D.D.C. Oct. 2, 2023) (same where Complaint "describe[d] the medical conditions" from which

Plaintiffs "suffer[ed], such as major depressive disorder, bipolar disorder, post-traumatic-stress disorder, and panic disorder"). "Indeed, while Federal Rule of Civil Procedure 5.2(a) acknowledges the privacy interests of minor children by allowing parties to reference minors only by their initials [or, as here, a pseudonym]," in a case like this, that Rule's "protection would be eviscerated unless the parent was also permitted to proceed using [pseudonyms]." J.W. v. District of Columbia, 318 F.R.D. 196, 199 (D.D.C. Aug. 31, 2016) (quotation marks and citation omitted).

As to the second factor, Lena has not adequately alleged that disclosure of her identity "poses a risk of retaliatory physical or mental harm" to her or "to innocent non-parties." In re Sealed Case, 971 F.3d at 326 (quoting In re Sealed Case, 931 F.3d at 97). She explains that Laila's father, "who previously abused Lena," lives in Uzbekistan and is unaware of Laila's presence there. See Mot. at 4. She warns that if he learns of Laila's whereabouts from this public court filing, she is "fearful" that he would "try to contact or harm Laila." Id. at 4–5. The Court is sympathetic to Plaintiff's concerns. It finds, however, that she fails to substantiate her fear of retaliation against herself or her daughter because she provides no particular threats or other evidence that shows that Laila's father would attempt to communicate with his daughter, much less harm her. Tolton v. Day, 2019 WL 4305789, at *3 (D.D.C. Sep. 11, 2019) ("Vague and unsubstantiated fears of retaliation are not sufficient to support pseudonymous treatment."); John Doe Co. No. 1 v. CFPB, 195 F. Supp. 3d 9, 22 (D.D.C. 2016) (explaining that "speculative and unsubstantiated claims of harm" cannot justify pseudonymity) (citation omitted).

On the other hand, the third factor — "the ages of the persons whose privacy interests are sought to be protected," In re Sealed Case, 971 F.3d at 326 (quoting In re Sealed Case, 931 F.3d at 97) — tilts in the opposite direction. Although Lena is an adult, she "share[s] common

privacy interests" with her minor child "due to their intractably linked relationship." J.W., 318 F.R.D. at 201.

The fourth factor tips the scale further in favor of pseudonymity. Plaintiff has brought suit against the District of Columbia, and anonymous litigation is typically "more acceptable when the defendant is a governmental body because government defendants 'do not share the concerns about "reputation" that private individuals have when they are publicly charged with wrongdoing.'" J.W., 318 F.R.D. at 201 (quoting Doe v. Cabrera, 307 F.R.D. 1, 8 (D.D.C. 2014)); see Doe 1 v. George Washington Univ., 369 F. Supp. 3d 49, 66–67 (D.D.C. 2019) (distinguishing "private litigants, who presumably have concerns about their respective reputations"). This factor additionally takes into account whether Plaintiff is requesting individualized relief. See, e.g., Doe v. Blinken, No. 24-1629, ECF No. 3 (Mem. Op.) at 5 (D.D.C. June 11, 2024) ("When a plaintiff requests individualized relief against a government defendant[,] . . . . the fourth factor favors pseudonymity."); Doe v. ICE, No. 24-617, ECF No. 9 (Mem. Op.) at 5 (D.D.C. Mar. 8, 2024) (factor supported pseudonymity where "[p]laintiff allege[d] deficiencies in ICE's compliance with FOIA solely with respect to his individual request"). As this suit is against the Government and Lena seeks to vindicate only Laila's constitutional rights and statutory rights, see Compl., ¶¶ 132–65, this factor supports proceeding pseudonymously.

The fifth and final factor also favors granting Plaintiff's Motion. Defendants would suffer no unfairness if the Motion were granted because "the District presumably knows [Laila and Lena's] identities from its own administrative and educational records." E.G.W. v. District of Columbia, 2026 WL 407380, at *2 (D.D.C. Feb. 13, 2026); see also ECF No. 3-2 (Declaration of Lena Loe), ¶ 10 (asserting that her identity is "known to Defendants" and will be "disclosed to

Defendants' counsel"). This factor is "not implicated" in instances where the defendant knows the plaintiff's identity. See In re Sealed Case, 971 F.3d at 326 n.1. Defendants, of course, remain free to request any further information they deem necessary to the full and fair defense of the case, and Lena remains free to object.

In sum, although the second factor tips toward disclosure, the remaining four outweigh it because they highlight Lena's "legitimate interest in anonymity" at this early stage, In re Sealed Case, 931 F.3d at 96, given Laila's age and privacy interests.

The Court accordingly ORDERS that:

1. Plaintiff's [3] Motion to Proceed Under Pseudonym is GRANTED, subject to any further consideration by the United States District Judge to whom this case is randomly assigned;
2. All parties shall use the pseudonyms listed in the Complaint in all documents filed in this action; and
3. Within fourteen days of this Order, Plaintiff shall file the [3] Motion on the public docket.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: November 4, 2026