**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LAILA LOE, a minor, by her parent and next friend, LENA LOE,<br><br>Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA *et al.*,<br><br>Defendants. | No. 1:26-cv-03781 |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM**

**(Filed Under Seal)**

## BACKGROUND

Lena Loe brings this action on behalf of her minor daughter, Plaintiff Laila Loe, to challenge the District of Columbia's failure to address severe, pervasive, race-based bullying that Laila endured while an elementary school student at District of Columbia Public Schools. Defendants are the District and school officials who had actual knowledge of the bullying and the detrimental impacts on Laila's mental health, yet responded with deliberate indifference. Plaintiff brings claims under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq*.; the Equal Protection Clause of the Fifth Amendment, via 42 U.S.C. § 1983; and the District of Columbia Human Rights Act, D.C. Code § 2-1401.01 *et seq.*

Laila and Lena Loe are pseudonyms. Contemporaneously with the filing of the Complaint, Plaintiff files this Motion for Leave to Proceed Under Pseudonym. Due to her youth, the sensitive and highly personal nature of the issues involved, and the risk of harm to Laila, she moves to proceed pseudonymously. And because Laila and Lena's identities are inextricably intertwined, Lena Loe moves for leave to litigate this matter under a pseudonym to ensure that Laila's identity is not disclosed to the public.

## STATEMENT OF FACTS

Plaintiff Laila Loe is a 12-year-old girl. *See* Compl. ¶17. She is of Central Asian descent. *Id.* ¶ 27. While one of very few Asian students at Langley Elementary School, a District of Columbia Public School (DCPS), Laila was subject to race-based slurs, taunts, and even physical violence. *Id.* ¶¶ 36–38, 41–43, 53, 60, 74. Due to this bullying, Laila began to experience panic attacks, trouble sleeping, loss of appetite, and even suicidal ideation. *Id.* ¶¶ 39–40, 42, 63, 72. Both Laila herself and her mother Lena informed school administrators of the bullying and its detrimental effects on Laila's mental health, and teachers witnessed some of the bullying. *Id.* ¶¶

45, 65, 75–76. Yet they did not intervene to stop the bullying. *Id.* ¶¶ 50–51, 67–68, 78–80. Laila's mental health continued to deteriorate.

After months of trying, to no avail, to get the District and school administrators to take action, Lena was forced to withdraw Laila from DCPS. *Id.* ¶¶ 85–86. Lena is a single mother, a victim of domestic violence, and an immigrant. *Id.* ¶ 122; Declaration of Lena Loe ("Loe Decl.") ¶¶ 3–5. She has sole custody of Laila. *Id.* ¶ 4. She was born in Uzbekistan and supports herself, Laila, and her parents. *Id.* ¶ 3; Compl. ¶¶ 125–26. Left with no other choice and fearing that Laila might harm herself, Lena sent Laila, who was born in the United States and spoke no Uzbek or Russian, to live in Uzbekistan with her grandparents. *Id.* ¶¶ 123–24. Laila and Lena have been separated for more than two years. *Id.* ¶ 126.

Laila's father, who was violent toward Lena and against whom Lena obtained a protective order, lives in Uzbekistan. Loe Decl. ¶¶ 5–6. To Lena's knowledge, Laila's father does not know that she is living in Uzbekistan. *Id.* ¶ 7. Lena fears that if he were to find out that Laila lives nearby, while Lena does not, he might contact or try to harm Laila. *Id.* ¶¶ 8–9.

## LEGAL STANDARD

District courts allow plaintiffs to proceed under a fictitious name when "'the impact of the plaintiff's anonymity' outweighs 'the public interest in open proceedings and on fairness to the defendant.'" *John Doe Co. v. Consumer Fin. Prot. Bureau*, 321 F.R.D. 31, 33 (D.D.C. 2017) (quoting *Nat'l Ass'n of Waterfront Employers v. Chao*, 587 F. Supp. 2d 90, 99 (D.D.C. 2008)). In evaluating whether a plaintiff may proceed anonymously, this Court balances "whether the non-speculative privacy interest that the movants have identified outweigh the public's substantial interest in knowing the identities of the parties in litigation, along with any legitimate interest that the non-moving parties' interest may have in revealing the identity of the movants." *John Doe Co.*,

321 F.R.D. at 34 (citation omitted). This test is "flexible and fact driven," *Doe v. Fed. Republic of Germany*, 680 F. Supp. 3d 1, 4 (D.D.C. 2023) (citation omitted), and assesses five "non-exhaustive" factors (hereinafter the "*Doe* factors"):

> 1. Whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;
>
> 2. whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;
>
> 3. the ages of the persons whose privacy interests are sought to be protected;
>
> 4. whether the action is against a governmental or private party; and relatedly,
>
> 5. the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.* (citing *In re Sealed Case*, 931 F.3d 324, 326–27 (D.C. Cir. 2020)).

## ARGUMENT

All five *Doe* factors weigh in favor of allowing Laila and Lena Loe to proceed without publicly disclosing their identities. This case involves discussion and likely discovery of highly sensitive and personal information about the mental health and medical history of Laila, who is only 12 years old. Disclosing her identity in public court records would expose her whereabouts to her father, who has a history of abusing Lena and against whom she had to obtain a protective order. Forcing Lena to disclose her identity, which is inextricably bound up with Laila's, carries the same risks. Meanwhile, Defendants are the District of Columbia and individuals serving as DCPS administrators, who know Laila and Lena's identities and will not suffer any prejudice from

using pseudonyms for the purposes of litigation. For these reasons, and as explained further below, this Court should allow Laila and Lena Loe to proceed under pseudonyms.

**A. This Case Raises Sensitive Issues of Mental Health and Abuse.**

That Laila and Lena seek to proceed under pseudonyms not "merely to avoid the annoyance or criticism that may attend any litigation" but "to preserve privacy in a matter of [a] sensitive and highly personal nature" weighs in favor of granting the motion. *Doe*, 680 F. Supp. 3d at 4. Laila and Lena seek to protect "medical concerns" and "the identity of [an] abused minor[]," which is precisely the type of information that is "traditionally recognized" as "intimate or sensitive" under this factor. *Doe v. Bogan*, 542 F. Supp. 3d 19, 23 (D.D.C. 2021); *see also Doe v. Mechanicsburg Sch. Bd. of Educ.*, 518 F. Supp. 3d 1024, 1027 (S.D. Ohio 2021) (noting that "[a]nonymity also protects minors with sensitive mental health histories" and allowing child who alleged that school officials failed to investigate allegations of and protect him from bullying and his mother to proceed under pseudonyms). The Complaint alleges that Laila was the victim of severe, race-based bullying; that her mental health was severely impacted by Defendants' failure to address the bullying that she was experiencing; and that she suffered panic attacks, anxiety, trouble sleeping, and suicidal ideation. *See* Compl. ¶ 128. She seeks damages based on, *inter alia*, emotional distress. *Id.* at 38–39 (Request for Relief). Discovery will likely involve the exchange of information about the same. Thus, the first *Doe* factor favors pseudonymity.

**B. Laila Risks Harm Should Her Whereabouts Be Publicly Disclosed.**

The "risk of retaliatory physical or mental harm" to Laila should her identity be exposed also supports the present motion. *Doe*, 680 F. Supp. 3d at 4. Laila's father, who previously abused Lena, lives in Uzbekistan. Loe Decl. ¶¶ 5–6. Lena has sole custody over Laila and has obtained a protective order against him. *Id.* ¶¶ 4–5. He does not know that Laila is also living in Uzbekistan,

though he frequently "checks up" on Lena and Laila using the internet. *Id.* ¶¶ 7, 9. As such, if Laila's whereabouts were to become public in a court filing, he could learn her whereabouts. *Id.* ¶ 9. Given his history of abuse toward Lena, she is fearful that he would try to contact or harm Laila if he knew that she is presently in Uzbekistan without Lena. *Id.* ¶ 8. *See Doe v. Cabrera*, 307 F.R.D. 1, 6–7 (D.D.C. 2014) (noting that risk of harm is compounded "in the Internet age" because publicly accessible court filings make victims' names "indefinitely available to the public"); *see also id.* ("A plaintiff need not show both a risk of retaliatory physical harm and mental harm—either is sufficient."); *Doe 1 v. George Washington Univ.*, 369 F. Supp. 3d 49, 65 (D.D.C. 2019) (finding that this factor weighed in favor of allowing victims of harassment to proceed under pseudonyms, in part because they "remain fearful that they will encounter their assailant"). Thus, under the second *Doe* factor, the risk of harm to Laila if her identity is disclosed supports allowing her to proceed under pseudonym.

**C. Laila's Age Creates a Presumption of Anonymity.**

As the third *Doe* factor "usually serves to protect children," *Charles H. v. District of Columbia*, No. 1:21-CV-00997, 2021 WL 6619327, at *3 (D.D.C. Apr. 9, 2021), Laila's youth "squarely supports pseudonymity," *E.G.W. v. District of Columbia*, No. CV 26-285, 2026 WL 407380, at *2 (D.D.C. Feb. 13, 2026). Laila is 12 years old, and when the bullying alleged in this case occurred, she was even younger. *See* Compl. ¶¶ 17, 36. Given the "special vulnerability of [] child-plaintiffs," courts find this favor "especially persuasive" in deciding whether pseudonymity is warranted. *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981). *See also Mechanicsburg Sch. Bd. of Educ.*, 518 F. Supp. 3d at 1027 ("Courts frequently grant protective orders to minors who challenge governmental conduct. . . ."); *E.G.W.*, 2026 WL 407380, at *2–3 (granting minor's

motion to proceed anonymously); *J.W. v. District of Columbia*, 318 F.R.D. 196, 202 (D.D.C. 2016) (same).

Indeed, the Federal Rules of Civil Procedure already mandate that minors be identified only by their initials in court filings. *See* Fed. R. Civ. P. 5.2(a)(3). But even that protection is insufficient here given the small number of Asian students at DCPS and Langley. *See* Compl. ¶¶ 29–30 (alleging that approximately 10 Langley students, and 2% of all DCPS students, are Asian). Using Laila's initials "will not suffice to protect [her] privacy" because the fact that she is Asian combined with her initials "would make [Laila and Lena] easily identifiable." *Va. State Conf. NAACP v. Cnty. Sch. Bd. of Shenandoah Cnty.*, No. 5:24-CV-040, 2025 WL 270050, at *2 (W.D. Va. Jan. 22, 2025) (granting motion for children and their parents to proceed under pseudonyms rather than using their initials in federal civil rights case in light of small class sizes).

**D. Defendants Will Suffer No Prejudice if Plaintiff Proceeds Under a Pseudonym.**

Courts often analyze the fourth and fifth *Doe* factors—"whether the action is against a governmental or private party" and "the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously"—together. *Doe*, 680 F. Supp. 3d at 4. *See also E.G.W.*, 2026 WL 407380, at *2. They, too, favor allowing Laila and Lena to proceed under pseudonyms.

Defendants are the District of Columbia and DCPS administrators. Courts in this district have found that "anonymous litigation is more acceptable when the defendant is a governmental body because government defendants 'do not share the concerns about 'reputation' that provide individuals have when they are publicly charged with wrongdoing." *J.W.*, 318 F.R.D. at 201 (quoting *Cabrera*, 307 F.R.D. at 8). In fact, the District has previously conceded that this factor weighs in favor of pseudonymity when it is the Defendant. *Id.* And "[t]he public interest in litigation against the government is further reduced where, as here, a plaintiff seeks individualized,

rather than programmatic, relief." *E.G.W.*, 2026 WL 407380, at *2; Compl. at 38–39 (Request for Relief, seeking individualized relief).

Finally, there is no risk of unfairness to Defendants because "the District presumably knows [Laila and Lena's] identities from its own administrative and educational records." *E.G.W.*, 2026 WL 407380, at *2. *See also* Compl. ¶¶ 88–119 (detailing District's administrative processes); Loe Decl. ¶ 10 (Defendants are aware of Plaintiff's identity); *Jones v. Trump*, No. CV 25-401, 2025 WL 485419, at *3 (D.D.C. Feb. 13, 2025) ("The Government would suffer no unfairness if the Motion were granted because it is already aware of Plaintiff's identity."). As such, allowing Plaintiff to proceed pseudonymously will not impede Defendants' ability to litigate this matter.

**E. Lena Should Be Permitted to Proceed Pseudonymously Because Her Identity is Inextricable from Laila's.**

Lena should be permitted to proceed under a pseudonym because disclosing her identity "could jeopardize [Laila's] confidentiality." *J.W.*, 318 F.R.D. at 199 (citation omitted). Lena's identity is "intractably intertwined" with Laila's. *Id.* Laila was one of very few Asian students at her DCPS school, *see* Compl. ¶¶ 29–30, making Lena one of very few Asian parents. Identifying Lena in public court filings would be tantamount to identifying Laila, her only child, publicly, too. For this reason, courts regularly allow "adult plaintiffs whose identities might reveal those of their children" to proceed under pseudonyms. *E.G.W.*, 2026 WL 407380, at *2. *See also Va. State Conf. NAACP*, 2025 WL 270050, at *2 ("Identifying the parent plaintiffs by name would similarly render minor plaintiffs immediately identifiable."); *Mechanicsburg Sch. Bd. of Educ.*, 518 F. Supp. 3d at 1026 (allowing mother who brought claims on behalf of son against school district and officials alleging that they had failed to investigate reports of "systemic bullying" to proceed under pseudonym). For Laila's safety and privacy, Lena should be permitted to proceed under a pseudonym.

## CONCLUSION

For the foregoing reasons, Laila and Lena Loe respectfully request that this Court grant this motion and allow them to proceed using pseudonyms.

DATED: October 27, 2026

Respectfully submitted,

/s/ *Joseph J. Wardenski*
Joseph J. Wardenski (DC Bar No. 4595120)
WARDENSKI P.C.
134 West 29th Street, Suite 709
New York, NY 10001
Phone: (347) 913-3311
joe@wardenskilaw.com

Alyssa C. Lareau (DC Bar No. 494881)
WARDENSKI P.C.
300 New Jersey Avenue, Suite 300
Washington, DC 20001
Phone: (202) 935.4224
alyssa@wardenskilaw.com

Ellora Thadaney Israni (DC Bar No. 1740904)
Yiyang Wu (DC Bar No. 1028799)
RELMAN COLFAX PLLC
1225 19th Street NW, Suite 600
Washington, D.C. 20036
Phone: (202) 728-1888
eisrani@relmanlaw.com
ywu@relmanlaw.com

*Attorneys for Plaintiff*